United States District Court
Southern District of Texas
**ENTERED**
June 04, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JONATHAN CARTER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. H-23-4384 |
| § | Criminal Action No. H-19-380-2 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## ORDER

Pending before the Court are Petitioner Jonathan Carter's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 183) and the United States' Memorandum in opposition to § 2255 Motion (Criminal Document No. 188). Having considered the motions, submissions, and applicable law, the Court determines the Respondent's motion should be granted, and the Petitioner's motion should be denied.

## I. BACKGROUND

Carter was a participant in four take-over bank robberies from October 2018 through February 2019.[1] During one of the robberies, Carter and another robber

---

[1] *Appeal Transcript of Rearraignment*, Criminal Document No. 166 at 53:1–63:25.

brandished guns at bank employees and customers while a third robber wielded a knife.[2] During that robbery, Carter used either his hand or his gun to strike an employee who tried to ask a question.[3]

For his part in the crimes, Carter pleaded guilty to three counts of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, one count of aiding and abetting armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and § 2, and one count of aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2.[4] This Court found that a guidelines sentence would not properly account for the sentencing factors listed at 18 U.S.C. § 3553(a).[5] The Court found that the record showed Carter was "a true menace to the community with absolutely no respect for the law." Accordingly, this Court imposed an upward variance, sentencing Carter to 240 months imprisonment on each robbery count (concurrent to one another) and a consecutive term of 84 months on the gun charge, yielding an aggregate term of 324 months imprisonment.[6]

---

[2] *Appeal Transcript of Rearraignment*, Criminal Document No. 166 at 57:16–58:25.

[3] *Appeal Transcript Rearraignment*, Criminal Document No. 166 at 58:11–18.

[4] *Judgment*, Criminal Document No. 138 at 18.

[5] *Appeal Transcript of* Sentencing, Criminal Document No. 156 at 12:6–13:24.

[6] *Appeal Transcript of* Sentencing, Criminal Document No. 156 at 12:6–13:24.

2

Carter appealed, challenging this Court's guidelines calculation and arguing that his above-guidelines sentence was procedurally and substantively unreasonable. *United States* v. *Carter*, No. 20-20367, 2022 WL 964196, at *1 (5th Cir. Mar. 30, 2022), *cert. denied*, 143 S. Ct. 371 (2022), and *cert. denied sub nom. Ray* v. *United States*, 143 S. Ct. 788 (2023). The Fifth Circuit denied each of those arguments in an unpublished opinion, and the Supreme Court later denied Carter's petition for a writ of certiorari. *Carter* v. *United States*, 143 S. Ct. 371 (2022).

On November 17, 2023, Carter, moving *pro se*, filed a timely 28 U.S.C. § 2255 ("Section 2255") motion to vacate his sentence. Carter's motion indicated a separate memorandum would be mailed to the Court in a separate envelope. However, the Court never received a memorandum and, on December 8, 2023, ordered Carter to file his memorandum by January 8, 2024.[7] Additionally, the Court extended the United States time to respond to February 22, 2024.[8] On February 22, 2024, the United States filed its response asking this Court to dismiss Carter's motion without further proceedings. It has been over six months since Carter filed his Section 2255 motion, and the Court has not received any additional memorandum or argument to support his Section 2255 motion.

---

[7] *Order*, Criminal Document No. 187 at 1–2.

[8] *Order*, Criminal Document No. 187 at 1–2.

## II. STANDARD OF REVIEW

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even if a defendant alleges a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the objection was not made at trial or on direct appeal and show "actual prejudice" was suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id.* at 166. This higher standard is appropriate because once the petitioner's chance to direct appeal has been exhausted, courts are allowed to

4

presume the petitioner was fairly convicted. *Id.* at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). Ineffective assistance of counsel, if shown and applicable, will satisfy the requisite cause and prejudice. *Acklen*, 47 F.3d at 742. Additionally, a claim for ineffective assistance of counsel is properly brought for the first time in a § 2255 motion, *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

### III. LAW & ANALYSIS

Carter moves, *pro se*, to vacate, set aside, or correct his sentence pursuant to Section 2255 on the grounds that his trial counsel ("Trial Counsel") rendered ineffective assistance of counsel. Carter claims two grounds in support of his motion: (1) that the charged crime is no longer a crime of violence, and his attorney should have challenged it, and (2) Trial Counsel failed to request withdrawal [al] of Carter's guilty plea and pursue trial. Carter does not elaborate in his motion, and as discussed above, a supplemental memorandum was never filed in this matter.[9] The United States contends Carter's unsupported claims fail to meet even the liberal pleading standards for *pro se* litigants and are, alternatively, meritless.

---

[9] The Court notes that Carter stated that a "Memorandum in Support of 2255 Motion mailed in separate envelope." *See Motion Under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence*, Criminal Document No. 183 at 12. As discussed above, the Court never received an additional memorandum even after ordering Carter to provide a memorandum.

The Court analyzes an allegation of ineffective assistance of counsel in a § 2255 motion under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). The movant must show his counsel's performance was both deficient and prejudicial to prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700; *Willis*, 273 F.3d at 598. To show a deficiency, the movant must show his counsel's assistance was outside a broad range of what is considered reasonable. *Strickland*, 466 U.S. at 669. To establish prejudice, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694). Thus, when a petitioner challenges his conviction, this issue is whether "a reasonable probability exists that the jury would have had a reasonable doubt as to guilt." *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result. *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012). "Counsel's errors must be 'so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.' " *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). The movant must prove both prongs of

6

the analysis: counsel tendered deficient performance, and the movant suffered prejudice. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

Here, Carter's claims are conclusory and not supported by any evidence or fact. Carter seems to contend that the crime he was charged with is no longer a crime of violence after Supreme Court Decisions in *Johnson* v. *United* States, 576 U.S. 591, 596 (2015), and *United States* v. *Davis*, 139 S. Ct. 2319 (2019). The Fifth Circuit has held that bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), remains a "crime of violence" under 18 U.S.C. § 924(c) after *Johnson* and *Davis*. *United States* v. *Cheers*, 760 F. App'x 272, 274 (5th Cir. 2019) (unpublished) (citing *United States* v. *Brewer*, 848 F.3d 711 (5th Cir. 2017)). Additionally, Carter offers no authority or evidence to support his claims. Accordingly, there is no meritorious objection or challenge the Trial Counsel could have made regarding the crime of violence issue.

Carter's additional grounds are similarly conclusory and not supported by any evidence or facts. Carter's conclusory allegations that the Trial Counsel failed to object to his above-guideline sentence is contrary to the sentencing transcript showing that counsel did lodge an objection.[10] Additionally, Carter's claim that the Trial Counsel should have moved to withdraw his guilty plea similarly fails. Carter

---

[10] *Appeal Transcript of* Sentencing, Criminal Document No. 156 at 16:11–13.

was admonished that the Court could "impose a sentence that's more severe or less severe than the sentence called for by the guidelines[,]" that any sentencing recommendation from the parties would not bind this Court, and that this Court was free to assess "any punishment" within the statutory maximum penalties for each count.[11] Considering that record, Carter fails to meet his burden under either prong of *Strickland*. *See, e.g., United States v. Bazan*, 77 F.3d 473 (5th Cir. 1995) (unpublished) ("[A]n attorney's incorrect prediction of the application of Sentencing Guidelines does not constitute ineffective assistance of counsel.") The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even construing Carter's contentions liberally, his claims are conclusory and fail as a matter of law. Therefore, the Court finds Carter's Motion to vacate under Section 2255 should be denied.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Petitioner Jonathan Carter's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 183) is **DENIED**. The Court further

---

[11] *Appeal Transcript Rearraignment*, Criminal Document No. 166 at 48:12–51:12.

**ORDERS** that Respondent United States' Memorandum in opposition to § 2255 Motion (Criminal Document No. 188) (moving to dismiss Carter's 2255 motion) is **GRANTED.**

**THIS IS A FINAL JUDGMENT.**[12]

SIGNED at Houston, Texas, on this __4__ day of June 2024.

_____
DAVID HITTNER
United States District Judge

---

[12] A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes reasonable jurists would not find its assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different manner . . . ."). Because Carter does not allege facts showing his claim could be resolved in a different manner, a certificate of appealability will not be issued.